# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAUL ROBLEDO, individually and on behalf of all others similarly situated,<br><br>                        Plaintiff,<br><br>      v.<br><br>LOYA INSURANCE COMPANY,<br><br>                       Defendant. | Civil Action No. 1:20-cv-2006<br><br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Raul Robledo, individually and on behalf of the other members of the below-defined putative class (the "Class"), brings this class action against Loya Insurance Company ("Loya" or "Defendant"), and in support thereof states the following:

## I.      NATURE OF THE ACTION

1.     Plaintiff Robledo was a customer of Loya, which issued him an insurance policy that included coverage for damage to his automobile, including collision coverage.

2.     Pursuant to the terms of Plaintiff and the other Class members' policies (the "Policy," attached as Exhibit A hereto), Defendant's physical damage coverage provides that, in the event of a covered loss, Defendant will either: (1) pay for the loss in money, or (2) repair or replace the damaged or stolen property. (Ex. A at 14.)

3.     The Policy further includes a "Limit of Liability" section, which ensures that Defendant does not have to pay more than the "actual cash value" of an insured vehicle. (*Id.*)

4.      Plaintiff suffered a total loss of his vehicle insured under the Policy.  (Ex. B, Total Loss Letter to Plaintiff.)  After Defendant declared Plaintiff's vehicle to be a total loss, Defendant did not have Plaintiff's vehicle repaired, but rather paid Plaintiff a monetary settlement.  (Ex. B.)

5.      Because Defendant found that the cost of repairs to Plaintiff's totaled vehicle were greater than the actual cash value of the vehicle, Defendant did not pay Plaintiff the amount necessary to have the vehicle repaired.  Rather, Defendant purported to pay Plaintiff the actual cash value of his vehicle, in accordance with the "Limit of Liability" section in the Policy. (Ex. A, Policy at 14; Ex. B, letter from Defendant stating that it was paying "actual cash value.")

6.      Defendant failed to pay Plaintiff the amount owed.

7.      Under Illinois law, actual cash value means the replacement cost of the property, minus depreciation.

8.      Under Illinois law, sales tax, title transfer fees and tag/registration transfer fees are all mandatory automobile replacement costs.

9.      Defendant excluded these mandatory replacement costs from its actual cash value payment to Plaintiff, and thus did not pay Plaintiff the actual cash value of his vehicle.  Defendant paid Plaintiff less than he was owed under the applicable "Limit of Liability" section of the Policy.

10.      On information and belief, Defendant routinely fails to include necessary replacement costs in its purported actual cash value settlement payments, and thus routinely fails to pay its insureds the amounts promised under its physical damage coverage.

11.      As a result of Defendant's conduct, Plaintiff and the other Class members were damaged in an amount to be determined at trial.

## II.     JURISDICTION AND VENUE

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states, and because (a) the Plaintiff is a member of the Class, which consists of at least 100 members; (b) the amount in controversy exceeds $5,000,000 exclusive of interest and costs; and (c) no relevant exceptions apply to this claim.

13.     Venue is proper in this District because a substantial portion of the acts and conduct giving rise to Plaintiff's claim occurred within the District and Defendant are subject to personal jurisdiction in this District.

## III.     THE PARTIES

*Plaintiff*

14.     At all times relevant to this action, Plaintiff is and was a citizen of the State of Illinois, domiciled in Cook County.  Plaintiff received and entered into his contract with Defendant in this District.

*Defendant*

15.     At all times material hereto, Defendant is and was a corporation incorporated in Texas, with its principal place of business at 1800 Lee Trevino, Suite 201, El Paso, Texas 79336. Defendant conducts business within this District.

## IV.     FACTUAL BACKGROUND

A.     *Defendant's Policy.*

16.     Plaintiff had automobile insurance through Defendant, which included physical damage coverage, as described in the Policy.  (Ex. A at 12-15.)

17.     The Policy provides that, in the event of a covered loss, Defendant will either: (1) pay for loss in money, or (2) replace the damaged or stolen property.  (*Id.* at 14.)

18. With respect to the Policy's physical damage coverage, the Policy provides for limits on Defendant's liability. (*Id.* at 14.)

19. Specifically, the Policy limits Defendant's liability to the smallest of: (1) the actual cash value of stolen or damaged property, (2) the amount necessary to repair or replace the property with other property of like kind and quality, or (3) an amount stated in the Declarations of Mr. Robledo's Policy. (*Id.*)

20. The Declarations page of Mr. Robledo's Policy did not state a limit of liability for physical damage coverage.

21. When a vehicle is declared a total loss, this means that the cost to repair the vehicle to its pre-loss condition equals or exceeds the actual cash value. Thus, when a vehicle is declared a total loss, Defendant is obligated to pay at least its limit of liability.

22. Actual cash value is not specifically defined by the policy. In Illinois, actual cash value means replacement cost less depreciation. *See, e.g., Carey v. American Family Brokerage, Inc.*, 909 N.E.2d 255, 263 (Ill. App. Ct. 2009) ("The proper calculation of actual cash value under both Illinois law and the policy in the case at bar is replacement cost less depreciation."). Illinois has specifically rejected any other potential definition for actual cash value other than "replacement cost less depreciation." *Id.*

23. Upon information and belief, each Class member was insured under materially identical Loya policies with respect to Loya's obligation to pay actual cash value in the event of a total loss.

**B.** ***Actual Cash Value Includes Sales Tax, Title Transfer Fees, and Tag Transfer Fees as Necessary Replacement Costs.***

24. Sales tax, title transfer fees, and tag transfer fees are necessary and mandatory vehicle replacement costs in the State of Illinois.

4

25. Illinois law requires that all vehicles be properly titled in order to be legally driven on Illinois roadways. *See* 625 ILCS 5/3-101. The fee to transfer title to a vehicle is, at minimum, $95.00. *See* 625 ILCS 5/3-821.

26. Illinois law requires that all vehicles have proper license plates (or tags) in order to be legally driven on Illinois roadways. *See* 625 ILCS 5/3-401, 625 ILCS 5/3-502, 625 ILCS 5/3-801. The fee to transfer license plates or tags is $25.00. *See* 625 ILCS 5/3-821.

27. By representing in the Policy that it will pay actual cash value, Defendant promises to pay these mandatory vehicle replacement costs.

28. Defendant has breached its contracts with Plaintiff and the other Class members by refusing to include the costs of sales tax, title transfer fees and tag transfer fees within its actual cash value payments.

29. The aforementioned scheme—promising to provide the cost of replacement (minus depreciation) but declining to actually do so—is a common scheme implemented by Loya in a uniform and identical manner towards all Illinois insureds throughout the relevant class time period.

**C.** ***Defendant Failed to Pay Plaintiff the Actual Cash Value to Which He was Entitled.***

30. Plaintiff owned a 2007 Lexus ES 350, which was insured by Loya as set forth herein.

31. On or about March 19, 2019, Plaintiff was involved in an accident while operating the insured vehicle. As a result of that accident, Plaintiff filed a property damage claim with claim number 890-252

32. Following the filing of his claim, Defendant determined that the claim was covered under the Policy and declared Plaintiff's vehicle a total loss. (Ex. B.)

33.     Under the terms of the Policy, Defendant had to pay at least the actual cash value of the vehicle or the cost to replace the vehicle.

34.     Defendant purported to pay Plaintiff the actual cash value of his vehicle.  (Ex. B.)

35.     Defendant did not include the costs of sales tax, title transfer fees, or tag transfer fees in its actual cash value payment to Plaintiff (*id.*), despite each of these being a necessary vehicle replacement cost in Illinois, and thus part of the vehicle's actual cash value, as defined under Illinois law.

36.     Plaintiff was owed the cost of a title transfer fee in the amount of $95.00 and the cost of a tag transfer fee in the amount of $25.00.

37.     The minimum sales tax in Illinois at the time of Plaintiff's purchase was 6.25%, *see* 35 ILCS 120/2-10.  Plaintiff was also owed sales tax in the minimum amount of 6.25% of the value of his totaled vehicle.

38.     By adjusting and settling Plaintiff's claim, Defendant conceded that all conditions precedent were satisfied such that the policy was in force and effective at the time of loss.

39.     Defendant breached its contract with Plaintiff by not including the cost of sales tax, title transfer fees, or tag transfer fees in making the actual cash value payment for Plaintiff's total loss.

## V.     TOLLING OF THE STATUTES OF LIMITATION

### A.     *Discovery Rule Tolling*

40.     Neither Plaintiff nor the other Class members could have discovered through the exercise of reasonable diligence that Defendant had breached its contract within the time period of any applicable statutes of limitation.

41.     Among other things, neither Plaintiff nor the other Class members knew or could have known that Defendant failed to pay them the "actual cash value" to which they were entitled.

**B.      *Fraudulent Concealment Tolling, Equitable Tolling, Estoppel***

42.     Throughout the time period relevant to this action, Defendant concealed from and failed to disclose to Plaintiff and the other Class members vital information concerning the amount to which they were entitled under their policy contracts.

43.     Indeed, Defendant kept Plaintiff and the other Class members ignorant of vital information essential to the pursuit of their claims.  As a result, neither Plaintiff nor the other Class members could have discovered the breaches of contract, even upon reasonable exercise of diligence.

44.     Specifically, throughout the Class Period, Defendant was aware that the actual cash value payment promised in its policy contracts required the payment of replacement costs.

45.     Despite its knowledge that the actual cash value payment promised in its policy contracts required the payment of replacement costs, Defendant failed to disclose this fact to Plaintiff and the other Class members.

46.     Plaintiff and the other Class members justifiably relied, to their detriment, on Defendant to disclose and pay the true amount to which they were entitled under their policy contracts and on Defendant's representations of the amount to which they were entitled.

## VI.      <u>CLASS ACTION ALLEGATIONS</u>

47.     Plaintiff bring this action on his own behalf and as a class action, pursuant to the provisions of 735 ILCS 5/2-801, *et seq*. on behalf of a class defined as

> All persons: (a) who insured a vehicle for physical damage coverage under an Illinois automobile insurance policy issued by Loya that provided for an actual cash value payment in the event that a vehicle was declared a total loss, (b) who made a claim under the policy for physical damage, (c) whose claim was adjusted as a total

loss within the ten-year time period prior to the date on which this lawsuit was filed until the date of any certification order, and (d) who were not paid the full sales tax or mandatory regulatory fees as part of an actual cash value payment under the policy.

48.     Excluded from the Class are Defendant and any of its members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; governmental entities; and the Judge(s) and Court staff assigned to this case and their immediate family members.  Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

49.     Certification of Plaintiff's claims for classwide treatment is appropriate because Plaintiff can prove the elements of their claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

50.     **Numerosity—Federal Rule of Civil Procedure 23(a)(1).**  The members of the Class are so numerous that individual joinder of all Class members is impracticable.  While Plaintiff is informed and believe that there are thousands of Class members, the precise number is unknown to Plaintiff, but may be ascertained from Defendant's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

51.     **Commonality and Predominance—Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).**  This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

a.   whether Defendant's agreement to pay actual cash value in the event of total loss obligated them to pay sales tax to Plaintiff and the other Class members;

b.  whether Defendant's agreement to pay actual cash value in the event of total loss obligated them to pay title and tag transfer fees to Plaintiff and the other Class members;

c.  whether Defendant breached its contracts with Plaintiff and the other Class members; and

d.  the amount and nature of relief to be awarded to Plaintiff and the other Class members.

52.  **Typicality—Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because Plaintiff and the other Class members were all similarly affected by Defendants' failure to pay the cost of sales tax under Illinois insurance policies that provided for an Actual Cash Value payment in the event of total loss. Plaintiff's claims are based upon the same legal theories as those of the other Class members. Plaintiff and the other Class members sustained damages as a direct and proximate result of the same wrongful practices in which Defendants engaged. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the other Class members.

53.  **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other Class members who he seeks to represent, Plaintiff has retained counsel competent and experienced in complex class action litigation, including successfully litigating class action cases similar to this one, where insurers breached contracts with insureds by failing to include sales tax and title transfer fees in total loss situations, and Plaintiff intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

54.     **Declaratory and Injunctive Relief—Federal Rule of Civil Procedure 23(b)(2).** Defendant acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members as a whole.

55.     **Superiority—Federal Rule of Civil Procedure 23(b)(3).**  A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for the Class members to individually seek redress for Defendant's wrongful conduct.  Even if the Class members could afford litigation the court system could not.   Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VII.   <u>CLAIM FOR RELIEF</u>

## <u>BREACH OF CONTRACT</u>

56.     Plaintiff incorporates by reference each allegation set forth in the preceding paragraphs.

57.     Plaintiff brings this claim individually and on behalf of the other Class members.

58.     Plaintiff and each of the other Class members was parties to insurance contracts with Defendant as described herein.

59.     Plaintiff and each of the other Class members were insured under a policy issued by Defendant.

60.     Plaintiff and each of the other Class members' insurance contracts are governed by Illinois law.

61.     Plaintiff and each of the other Class members made claims under their insurance contracts, which Defendant determined to be first-party total losses under the insurance contract, and additionally determined to be covered claims.

62.     Pursuant to the above-described contractual provisions, upon the total loss of their insured vehicles, Defendant promised Plaintiff and each of the other Class members a payment that included the actual cash value of their totaled vehicles.

63.     Defendant failed to include the costs of sales tax, title transfer fees, and tag transfer fees in its purported actual cash value payments to Plaintiff and each of the other Class members on their total loss claims.

64.      By failing to pay these necessary vehicle replacement costs, Defendant failed to pay Plaintiff and each of the other Class members the promised actual cash value, and thereby breached its contract with Plaintiff and each of the other Class members.

65.     As a result of the contractual breaches, Plaintiff and each of the other Class members have been damaged, and are entitled to sums representing the benefits owed for sales tax, title transfer fees, and tag transfer fees, as well as costs, pre-judgment and post-judgment interest, injunctive relief, and other relief as appropriate.

## VIII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other Class members, respectfully request that the Court enter judgment in their favor and against Defendant as follows:

a.      An order certifying the proposed Class, as requested herein, and appointing Plaintiff's undersigned attorneys as Counsel for the Class;

b.      An award of compensatory damages, and all other available damages, for Plaintiff's and the other Class members against Defendant, as well as pre- and post- judgment interests on any amounts awarded;

c.      An order enjoining Defendant from continuing the illegal practices alleged herein, and for other injunctive relief as is proven appropriate in this matter;

d.      An award of attorney's fees, expenses, and costs of suit as appropriate pursuant to applicable law

e.      An order providing such other and further forms of relief as this Court deems just and proper.

## IX.      <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  March 27, 2020                                     Respectfully submitted,

*/s/ Adam J. Levitt*
Adam J. Levitt
Daniel R. Ferri
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Telephone:  312-214-7900
alevitt@dicellolevitt.com
dferri@dicellolevitt.com

Edmund A. Normand*
Jacob Phillips*
**NORMAND LAW, PLLC**
62 West Colonial Street, Suite 209
Orlando, Florida 32814
Telephone:  407-603-6031
ed@ednormand.com
jacob@ednormand.com

*Counsel for Plaintiff*
*and the Proposed Class*

\* motion for *pro hac vice* admission to be filed